UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MHC FINANCING LIMITED PARTNERSHIP TWO,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>CITY OF SANTEE,<br><br>　　　　　　　　　　Defendant. | CASE NO: 12-CV-0253 W (DHB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DOC. 6] AND GRANTING PLAINTIFF'S EX PARTE APPLICATION [DOC. 10]** |

Pending before the Court is Defendant City of Santee's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff MHC Financing Limited Partnership Two ("MHC") opposes and requests that the Court not consider certain arguments in the City's reply.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the City's motion to dismiss [Doc. 6] and **GRANTS** MHC's ex parte application [Doc. 10].

## I. BACKGROUND

This lawsuit represents MHC's third federal court attempt at challenging the City's mobile home rent-control ordinance. MHC's previous lawsuits have been dismissed, primarily on the basis that the claims were not ripe because MHC had not sought a rent control adjustment from the City.

According to MHC, after the last federal lawsuit was dismissed, MHC applied for a rent control adjustment, which the City rejected on November 3, 2011. Thereafter, MHC sought review by the City Council, which upheld the decision. MHC then filed for a writ of mandamus in state court, which is still pending.

Based on these events, MHC contends that its claims are now ripe. The City disagrees and, in the alternative, argues that the Court should abstain from hearing MHC's claims until the state-court writ proceeding is resolved.

## II. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short plain statement of the claim showing the that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (citing Twombly, 550 U.S. at 570). Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286, (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### III. DISCUSSION

#### A. MHC's private taking (as applied) and substantive due process claims are ripe.

The City argues that MHC's private takings and substantive due process claims are not ripe because MHC has failed to comply with the final decision and exhaustion requirements of Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985). (Mt. [Doc. 6-1], 7:5–18.) MHC responds that they have complied with the first requirement, and that the second is not applicable to these claims. The Court agrees with MHC.

As an initial matter, the City has not cited a single federal case supporting the proposition that Williamson's exhaustion requirement applies to a private takings claim. Morever, in Armendariz v. Penman, 75 F.3d 1311 (9th Cir. 1996), the Ninth Circuit explained that "[b]ecause a 'private taking' cannot be constitutional even if compensated, a plaintiff alleging such a taking would not need to seek compensation in state proceedings before filing a federal takings claim under the rule of *Williamson*." Id. at 321 (abrogated on other grounds). Indeed, the City's reply appears to concede that its argument is precluded under Armendariz and instead focuses on whether MHC has failed to state a claim. Because this issue was not raised in the City's moving papers, the Court will not consider the argument at this time and accordingly will grant MHC's ex parte application to strike the argument.

As for the substantive due process claim, again, the City provides no authority for the proposition that Williamson's exhaustion requirement applies. Additionally, in

1  Lingle v. Chevron U.S.A. Inc., 544 U.S. 542 (2005), the Supreme Court explained that
2  the Takings Clause "is designed not to limit the governmental interference with
3  property rights *per se*, but rather to secure *compensation* in the event of otherwise proper
4  interference amounting to a taking.'" Id. at 537 (citation omitted).  In contrast, due
5  process violations cannot be remedied through an award of compensation because "if
6  a government action is found to be impermissible—for instance because it . . . is so
7  arbitrary as to violate due process—that is the end of the inquiry.  No amount of
8  compensation can authorize such action." Id. at 543.  Because no amount of
9  compensation can rectify a due process violation, there is no logical reason to require
10 a plaintiff to seek compensation before pursuing such a claim.[1]  Thus, the Court also
11 finds MHC's substantive due process claim is ripe.[2]

---

[1]  Equity Lifestyle v. County of San Luis Obispo, 548 F.3d 1184 (9th Cir. 2008), also supports the argument that the exhaustion requirement does not apply to a substantive due process claim.  There, plaintiff appealed the dismissal of a Fifth Amendment takings, substantive due process and equal protection claim.  Although plaintiff had satisfied the first Williamson requirement, it had not satisfied the exhaustion requirement.  As a result, the Ninth Circuit found the takings claim was not ripe. Id. at 1190–1192.  However, with regard to the substantive due process claim, the Ninth Circuit did not address ripeness, instead evaluating the claim's merits. Id. at 1193–1194.  Under these circumstances, the Ninth Circuit's evaluation of the substantive due process claim's merits appears to confirm that the exhaustion requirement does not apply to that claim.

[2]  In a footnote in its moving papers, the City also argues that under Guggenheim v. City of Goleta, 638 F.3d 1111 (9th Cir. 2010), MHC's substantive due process claim must be dismissed. (*See Mot.*, 11 at f.n. 2.)  At this juncture in the litigation, the Court is not persuaded, for at least three reasons.  First, the City's asserts that Guggenheim "held the Ninth Circuit is bound by precedent establishing that rent control ordinances are rationally related to a legitimate interest and hence do not result in a deprivation of due process."  This assertion is wrong.  There is simply no such language in the cited portion of the opinion.  Second, in addressing the plaintiff's substantive due process claim, the Ninth Circuit limited its evaluation to the ordinance at issue in the case: "It is true that the rent control ordinance *at issue here* does not control the rental price of a mobile home for occupants such as subletters.  It controls the rental price of the land on which the mobile home is situated." Guggenheim, at 1122 (emphasis added).  Thus, again, contrary to the City's suggestion, the case does not appear to generally address mobile home rent control ordinances, nor does the decision appear to establish a broad rule that all such ordinances per se satisfy due process.  Third, Guggenheim

### B. MHC's procedural due process claim is not cognizable.

The City argues that MHC's procedural due process claim fails because California's post-deprivation remedy is adequate. (*MTD*, 12:4–22; *Reply* [Doc. 9], 8:19–9:7.) MHC's opposition does not respond to this argument, instead asserting that the claim is "exempt from *Williamson*'s compensation factor." (*Opp'n* 14:21–23.) The Court agrees with the City.

It is well settled that a procedural due process claim is not cognizable when "there is an available state remedy." Lake Nacimiento Ranch Co. v. County of San Luis Obispo, 841 F.2d 872, 879 (9th Cir. 1987); see also Cox v. City of San Diego, 2010 WL 2196595, *3 (S.D. Cal. May 26, 2010) (citing Lake Nacimiento). Here, an available state remedy exists: a writ of mandamus. Indeed, MHC has applied for such a writ. Accordingly, MHC's procedural due process claim is dismissed.

### C. MHC's *Penn Central* claims are not ripe.

The City argues that MHC's *Penn Central* claims are not ripe because MHC has failed to comply with *Williamson*'s second requirement that MHC pursue compensation through state remedies. (*MTD*, 7:5–18.) MHC responds that because Williamson's requirements are prudential, the Court should exercise its discretion and not impose the exhaustion requirement to these claims.

In Guggenheim v. City of Goleta, 638 F.3d 1111 (9th Cir. 2010), mobile home park owners asserted a facial challenge to the city's rent control ordinance. The district court granted the City's summary-judgment motion and dismissed the claim on the merits. On appeal, although the city did not dispute jurisdiction, the Ninth Circuit sitting en banc evaluated whether the case was ripe. After confirming that

---

involved an appeal from a summary-judgment ruling, not a motion to dismiss. This distinction is important given the different evidentiary standards applicable to the two types of motions, and the fact that it is not clear whether the holding in Guggenheim was based on evidence submitted with the City of Goleta's motion. In light of these circumstances, the Court is not convinced that Guggenheim, standing alone, forecloses MHC's claim.

Williamson's requirements are prudential, the court assumed "without deciding that the claim is ripe" and exercised its "discretion not to impose the prudential requirement of exhaustion in state court." Id. at 1118. The court's decision was based on the following two factors:

> First, we reject the [plaintiffs'] claim on the merits, so it would be a waste of the parties' and the courts' resources to bounce the case through more rounds of litigation. Second, the [plaintiffs] did indeed litigate in state court, and they and the City of Goleta settled in state court. Unfortunately the law changed after their trip to state court . . ., but it is hard to see any value in forcing a second trip on them.

Id.

Although Guggenheim confirms that Williamson's requirements are prudential, the Ninth Circuit's exercise of discretion was based on the practical concern that enforcing the exhaustion requirement would be a waste of both judicial and the parties' resources given that the court affirmed the district court's order. These facts are not present in this case. Neither this court nor any other has evaluated the merits of MHC's takings claim. Nor has MHC litigated the merits of its claims in state court. Rather, the only decisions to date have involved MHC's failure to satisfy Williamson's ripeness requirements.

MHC, nevertheless, urges this Court to follow McClung v. City of Sumner, 548 F.3d 1219, 1224 (9th Cir. 2008), wherein the Ninth Circuit exercised its discretion to not apply Williamson's requirements to a regulatory takings challenge. At issue was a city requirement that plaintiff install a replacement storm pipe under plaintiff's property as a condition to obtaining a permit application. After sua sponte raising the issue of ripeness, the court "conclude[d] that the facts presented raise only prudential concerns" because the plaintiffs "installed the storm pipe over ten years ago, resulting in a clearly defined and concrete dispute." Id. at 1224. The court, therefore, "assume[d] without deciding that the takings claims is ripe in order to address the merits of the appeal." Id. Seizing on the "clearly defined and concrete dispute" language, MHC argues that the

dispute here is also clearly defined and concrete and thus <u>Williamson</u>'s exhaustion factor should not be applied. The Court is not persuaded.

Although the Fifth Amendment proscribes the taking of property without just compensation, it does not "require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a 'reasonable, certain and adequate provision for obtaining compensation.'" <u>Williamson</u> 473 U.S. at 194 (citations omitted). "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied compensation." <u>Id.</u> at 195. Thus, despite MHC's urging that the dispute is concrete and well defined, its claim is premature until MHC has pursued the state procedure and been denied compensation.

Indeed, three years after <u>McClung</u>, the Ninth Circuit decided <u>Colony Cove Properties, LLC v. City of Carson</u>, 640 F.3d 948 (9th 2011), which also involved a takings claim by a mobile home park owner against a rent control ordinance. Similar to MHC, plaintiff urged the court to waive <u>Williamson</u>'s exhaustion requirement. The Ninth Circuit rejected plaintiff's argument:

> This court recently concluded that "California's creation and implementation of the *Kavanau* adjustment process provides 'an adequate procedure for seeking just compensation, and the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.'"

<u>Id.</u> at 958 (citations and internal brackets omitted).

For these reasons, the Court will not waive the exhaustion requirement, and finds MHC's *Penn Central* Takings claims are not ripe.

### D.  <u>Abstention is not appropriate.</u>

The City also requests that the Court abstain in light of the pending writ proceeding in state court. MHC responds that the writ proceeding is not likely to moot

the constitutional questions, and thus <u>Pullman</u> abstention[3] is not appropriate.

"*Pullman* abstention is an equitable doctrine that allows federal courts to refrain from deciding sensitive federal constitutional questions when state law issues may moot or narrow the constitutional questions." <u>The San Remo Hotel v. City and County of San Francisco</u>, 145 F.3d 1095, 1104 (9th Cir. 1998).  The doctrine is concerned with "the rightful independence of the state governments and for the smooth working of the federal judiciary." <u>Id.</u> at 1105 (citing <u>Pullman</u>, 312 U.S. at 501)  The doctrine applies where (1) the claims require resolution of a sensitive question of federal constitutional law, (2) the constitutional question could be mooted or narrowed by a definitive ruling on the state law issues, and (3) the state law issue is unclear.  <u>Id.</u> at 1104.

There is no dispute that the first factor is satisfied because "land use planning is a sensitive area of social policy that meets the first requirement for *Pullman* abstention." <u>San Remo Hotel</u>, 145 F.3d at 1105.  However, the City has failed to demonstrate that the second and third factors necessary for <u>Pullman</u> abstention are present in this case.

The City asserts that the second <u>Pullman</u> factor is satisfied because "denial of MHC's rent increase petition is precisely what MHC is challenging" in the state proceeding. (*Mt.* 13:9–10.)  But this general characterization of MHC's "challenge" in the state proceeding is insufficient because it gives no indication regarding the precise issues that the state court is deciding.  For example, there is no evidence clarifying whether the state court is determining if the City's ordinance violates the state constitution or a state statute, that the City abused its discretion in applying the ordinance, or if the court is evaluating some other state-law issue.  Because the City's moving papers fail to identify the issue(s) before the state court, it is entirely unclear how resolution of the state proceeding may impact MHC's private takings and due process claims in this case.  For this reason alone, the City has failed to demonstrate that <u>Pullman</u> abstention is appropriate.

---

[3]<u>Railroad Comm'n v. Pullman Co.</u>, 312 U.S. 496 (1941).

Similarly, the City has failed to identify any state law issue that is unclear. The City contends that it "is unclear how the state court will resolve the City's decision to deny MHC's rent increase application and the *Kavenau* process as a whole." (*Reply* [Doc. 9], 10:8–9.) Again, this contention is too vague. The City must be more specific about the exact state-law issue that is unclear or remains unresolved. For example, the City fails to explain what about "the *Kavenau* process as a whole" is unclear. Absent any such indication, the Court finds the City has failed to satisfy the third Pullman factor.

## IV.  CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the City's motion to dismiss [Doc. 6] and **GRANTS** MHC's ex parte application [Doc. 10].

**IT IS SO ORDERED.**

DATED: December 21, 2012

Hon. Thomas J. Whelan
United States District Judge