1
2
3
4
5
6
7
8
9
10  **UNITED STATES DISTRICT COURT**
11  **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  MHC FINANCING LIMITED<br>PARTNERSHIP TWO,<br>14<br>15            Plaintiff,<br>16      v.<br>17  CITY OF SANTEE,<br>18<br>19            Defendant. | CASE NO: 12-CV-0253 W (DHB)<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANT'S MOTION TO<br>DISMISS [DOC. 6] AND<br>GRANTING PLAINTIFF'S EX<br>PARTE APPLICATION [DOC. 10]** |

20        Pending before the Court is Defendant City of Santee's motion to dismiss under

21  Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff MHC Financing

22  Limited Partnership Two ("MHC") opposes and requests that the Court not consider

23  certain arguments in the City's reply.

24        The Court decides the matter on the papers submitted and without oral

25  argument.  See Civ. L. R. 7.1(d.1).  For the reasons discussed below, the Court

26  **GRANTS IN PART** and **DENIES IN PART** the City's motion to dismiss [Doc. 6]

27  and **GRANTS** MHC's ex parte application [Doc. 10].

28

## I.   BACKGROUND

This lawsuit represents MHC's third federal court attempt at challenging the City's mobile home rent-control ordinance.  MHC's previous lawsuits have been dismissed, primarily on the basis that the claims were not ripe because MHC had not sought a rent control adjustment from the City.

According to MHC, after the last federal lawsuit was dismissed, MHC applied for a rent control adjustment, which the City rejected on November 3, 2011.  Thereafter, MHC sought review by the City Council, which upheld the decision.  MHC then filed for a writ of mandamus in state court, which is still pending.

Based on these events, MHC contends that its claims are now ripe.  The City disagrees and, in the alternative, argues that the Court should abstain from hearing MHC's claims until the state-court writ proceeding is resolved.

## II.   MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short plain statement of the claim showing the that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).  The allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

1 | 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 570). Well-pled allegations in the complaint
2 | are assumed true, but a court is not required to accept legal conclusions couched as
3 | facts, unwarranted deductions, or unreasonable inferences. <u>Papasan v. Allain</u>, 478 U.S.
4 | 265, 286, (1986); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir.
5 | 2001).

6 |

7 | **III.   DISCUSSION**
8 |     **A.   MHC's private taking (as applied) and substantive due process claims**
9 |        **are ripe.**

10 |     The City argues that MHC's private takings and substantive due process claims
11 | are not ripe because MHC has failed to comply with the final decision and exhaustion
12 | requirements of <u>Williamson County Regional Planning Commission v. Hamilton Bank</u>
13 | <u>of Johnson City</u>, 473 U.S. 172 (1985). (*Mt.* [Doc. 6-1], 7:5–18.) MHC responds that
14 | they have complied with the first requirement, and that the second is not applicable to
15 | these claims. The Court agrees with MHC.

16 |     As an initial matter, the City has not cited a single federal case supporting the
17 | proposition that <u>Williamson</u>'s exhaustion requirement applies to a private takings claim.
18 | Morever, in <u>Armendariz v. Penman</u>, 75 F.3d 1311 (9th Cir. 1996), the Ninth Circuit
19 | explained that "[b]ecause a 'private taking' cannot be constitutional even if
20 | compensated, a plaintiff alleging such a taking would not need to seek compensation
21 | in state proceedings before filing a federal takings claim under the rule of *Williamson*."
22 | <u>Id.</u> at 321(abrogated on other grounds). Indeed, the City's reply appears to concede
23 | that its argument is precluded under <u>Armendariz</u> and instead focuses on whether MHC
24 | has failed to state a claim. Because this issue was not raised in the City's moving papers,
25 | the Court will not consider the argument at this time and accordingly will grant MHC's
26 | ex parte application to strike the argument.

27 |     As for the substantive due process claim, again, the City provides no authority
28 | for the proposition that <u>Williamson</u>'s exhaustion requirement applies. Additionally, in

1   Lingle v. Chevron U.S.A. Inc., 544 U.S. 542 (2005), the Supreme Court explained that

2   the Takings Clause "is designed not to limit the governmental interference with

3   property rights *per se*, but rather to secure *compensation* in the event of otherwise proper

4   interference amounting to a taking.'" Id. at 537 (citation omitted).   In contrast, due

5   process violations cannot be remedied through an award of compensation because "if

6   a government action is found to be impermissible—for instance because it . . . is so

7   arbitrary as to violate due process—that is the end of the inquiry.   No amount of

8   compensation can authorize such action." Id. at 543.   Because no amount of

9   compensation can rectify a due process violation, there is no logical reason to require

10   a plaintiff to seek compensation before pursuing such a claim.[1]   Thus, the Court also

11   finds MHC's substantive due process claim is ripe.[2]

12   _____

13   [1] Equity Lifestyle v. County of San Luis Obispo, 548 F.3d 1184 (9th Cir. 2008), also
supports the argument that the exhaustion requirement does not apply to a substantive due

14   process claim.   There, plaintiff appealed the dismissal of a Fifth Amendment takings,
substantive due process and equal protection claim.  Although plaintiff had satisfied the first

15   Williamson requirement, it had not satisfied the exhaustion requirement.  As a result, the
Ninth Circuit found the takings claim was not ripe. Id. at 1190–1192. However, with regard

16   to the substantive due process claim, the Ninth Circuit did not address ripeness, instead

17   evaluating the claim's merits. Id. at 1193–1194.  Under these circumstances, the Ninth
Circuit's evaluation of the substantive due process claim's merits appears to confirm that the

18   exhaustion requirement does not apply to that claim.

19

20   [2] In a footnote in its moving papers, the City also argues that under Guggenheim v. City
of Goleta, 638 F.3d 1111 (9th Cir. 2010), MHC's substantive due process claim must be

21   dismissed.  (*See Mot.*, 11 at f.n. 2.)   At this juncture in the litigation, the Court is not
persuaded, for at least three reasons. First, the City's asserts that Guggenheim "held the Ninth

22   Circuit is bound by precedent establishing that rent control ordinances are rationally related
to a legitimate interest and hence do not result in a deprivation of due process." This assertion

23   is wrong.  There is simply no such language in the cited portion of the opinion.  Second, in
addressing the plaintiff's substantive due process claim, the Ninth Circuit limited its evaluation

24   to the ordinance at issue in the case: "It is true that the rent control ordinance *at issue here*
does not control the rental price of a mobile home for occupants such as subletters.  It controls

25   the rental price of the land on which the mobile home is situated." Guggenheim, at 1122

26   (emphasis added).  Thus, again, contrary to the City's suggestion, the case does not appear to
generally address mobile home rent control ordinances, nor does the decision appear to

27   establish a broad rule that all such ordinances per se satisfy due process.  Third, Guggenheim

28

**B.    MHC's procedural due process claim is not cognizable.**

The City argues that MHC's procedural due process claim fails because California's post-deprivation remedy is adequate.  (*MTD*, 12:4–22; *Reply* [Doc. 9], 8:19–9:7.)  MHC's opposition does not respond to this argument, instead asserting that the claim is "exempt from *Williamson*'s compensation factor." (*Opp'n* 14:21–23.)  The Court agrees with the City.

It is well settled that a procedural due process claim is not cognizable when "there is an available state remedy." Lake Nacimiento Ranch Co. v. County of San Luis Obispo, 841 F.2d 872, 879 (9th Cir. 1987); see also Cox v. City of San Diego, 2010 WL 2196595, *3 (S.D. Cal. May 26, 2010) (citing Lake Nacimiento).  Here, an available state remedy exists: a writ of mandamus.  Indeed, MHC has applied for such a writ. Accordingly, MHC's procedural due process claim is dismissed.

**C.    MHC's *Penn Central* claims are not ripe.**

The City argues that MHC's *Penn Central* claims are not ripe because MHC has failed to comply with *Williamson*'s second requirement that MHC pursue compensation through state remedies.  (*MTD*, 7:5–18.)  MHC responds that because Williamson's requirements are prudential, the Court should exercise its discretion and not impose the exhaustion requirement to these claims.

In Guggenheim v. City of Goleta, 638 F.3d 1111 (9th Cir. 2010), mobile home park owners asserted a facial challenge to the city's rent control ordinance.  The district court granted the City's summary-judgment motion and dismissed the claim on the merits.  On appeal, although the city did not dispute jurisdiction, the Ninth Circuit sitting en banc evaluated whether the case was ripe.  After confirming that

---

involved an appeal from a summary-judgment ruling, not a motion to dismiss.  This distinction is important given the different evidentiary standards applicable to the two types of motions, and the fact that it is not clear whether the holding in Guggenheim was based on evidence submitted with the City of Goleta's motion.  In light of these circumstances, the Court is not convinced that Guggenheim, standing alone, forecloses MHC's claim.

12cv0253

1  Williamson's requirements are prudential, the court assumed "without deciding that the
2  claim is ripe" and exercised its "discretion not to impose the prudential requirement of
3  exhaustion in state court." Id. at 1118.  The court's decision was based on the following
4  two factors:

> First, we reject the [plaintiffs'] claim on the merits, so it would be a waste
> of the parties' and the courts' resources to bounce the case through more
> rounds of litigation.  Second, the [plaintiffs] did indeed litigate in state
> court, and they and the City of Goleta settled in state court.
> Unfortunately the law changed after their trip to state court . . ., but it is
> hard to see any value in forcing a second trip on them.

9  Id.

10       Although Guggenheim confirms that Williamson's requirements are prudential,
11  the Ninth Circuit's exercise of discretion was based on the practical concern that
12  enforcing the exhaustion requirement would be a waste of both judicial and the parties'
13  resources given that the court affirmed the district court's order.  These facts are not
14  present in this case.  Neither this court nor any other has evaluated the merits of
15  MHC's takings claim.  Nor has MHC litigated the merits of its claims in state court.
16  Rather, the only decisions to date have involved MHC's failure to satisfy Williamson's
17  ripeness requirements.

18       MHC, nevertheless, urges this Court to follow McClung v. City of Sumner, 548
19  F.3d 1219, 1224 (9th Cir. 2008), wherein the Ninth Circuit exercised its discretion to
20  not apply Williamson's requirements to a regulatory takings challenge.  At issue was a
21  city requirement that plaintiff install a replacement storm pipe under plaintiff's property
22  as a condition to obtaining a permit application.  After sua sponte raising the issue of
23  ripeness, the court "conclude[d] that the facts presented raise only prudential concerns"
24  because the plaintiffs "installed the storm pipe over ten years ago, resulting in a clearly
25  defined and concrete dispute."  Id. at 1224.  The court, therefore, "assume[d] without
26  deciding that the takings claims is ripe in order to address the merits of the appeal."  Id.
27  Seizing on the "clearly defined and concrete dispute" language, MHC argues that the

28

1   dispute here is also clearly defined and concrete and thus <u>Williamson</u>'s exhaustion

2   factor should not be applied.  The Court is not persuaded.

3       Although the Fifth Amendment proscribes the taking of property without just

4   compensation, it does not "require that just compensation be paid in advance of, or

5   contemporaneously with, the taking; all that is required is that a 'reasonable, certain

6   and adequate provision for obtaining compensation.'" <u>Williamson</u> 473 U.S. at 194

7   (citations omitted).  "[I]f a State provides an adequate procedure for seeking just

8   compensation, the property owner cannot claim a violation of the Just Compensation

9   Clause until it has used the procedure and been denied compensation." <u>Id.</u> at 195.

10  Thus, despite MHC's urging that the dispute is concrete and well defined, its claim is

11  premature until MHC has pursued the state procedure and been denied compensation.

12      Indeed, three years after <u>McClung</u>, the Ninth Circuit decided <u>Colony Cove</u>

13  <u>Properties, LLC v. City of Carson</u>, 640 F.3d 948 (9th 2011), which also involved a

14  takings claim by a mobile home park owner against a rent control ordinance.  Similar

15  to MHC, plaintiff urged the court to waive <u>Williamson</u>'s exhaustion requirement.  The

16  Ninth Circuit rejected plaintiff's argument:

17      This court recently concluded that "California's creation and
    implementation of the *Kavanau* adjustment process provides 'an adequate
18  procedure for seeking just compensation, and the property owner cannot
    claim a violation of the Just Compensation Clause until it has used the
19  procedure and been denied just compensation.'"

20  <u>Id.</u> at 958 (citations and internal brackets omitted).

21      For these reasons, the Court will not waive the exhaustion requirement, and finds

22  MHC's *Penn Central* Takings claims are not ripe.

23

24      **D.**   <u>**Abstention is not appropriate.**</u>

25      The City also requests that the Court abstain in light of the pending writ

26  proceeding in state court.  MHC responds that the writ proceeding is not likely to moot

27

28

1   the constitutional questions, and thus _Pullman_ abstention[3] is not appropriate.

2   "_Pullman_ abstention is an equitable doctrine that allows federal courts to refrain
3   from deciding sensitive federal constitutional questions when state law issues may moot
4   or narrow the constitutional questions." The San Remo Hotel v. City and County of
5   San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998).   The doctrine is concerned with
6   "the rightful independence of the state governments and for the smooth working of the
7   federal judiciary." Id. at 1105 (citing Pullman, 312 U.S. at 501)  The doctrine applies
8   where (1) the claims require resolution of a sensitive question of federal constitutional
9   law, (2) the constitutional question could be mooted or narrowed by a definitive ruling
10  on the state law issues, and (3) the state law issue is unclear. Id. at 1104.

11      There is no dispute that the first factor is satisfied because "land use planning is
12  a sensitive area of social policy that meets the first requirement for _Pullman_ abstention."
13  San Remo Hotel, 145 F.3d at 1105.  However, the City has failed to demonstrate that
14  the second and third factors necessary for Pullman abstention are present in this case.

15      The City asserts that the second Pullman factor is satisfied because "denial of
16  MHC's rent increase petition is precisely what MHC is challenging" in the state
17  proceeding. (_Mt._ 13:9–10.)  But this general characterization of MHC's "challenge" in
18  the state proceeding is insufficient because it gives no indication regarding the precise
19  issues that the state court is deciding.  For example, there is no evidence clarifying
20  whether the state court is determining if the City's ordinance violates the state
21  constitution or a state statute, that the City abused its discretion in applying the
22  ordinance, or if the court is evaluating some other state-law issue.  Because the City's
23  moving papers fail to identify the issue(s) before the state court, it is entirely unclear
24  how resolution of the state proceeding may impact MHC's private takings and due
25  process claims in this case.  For this reason alone, the City has failed to demonstrate
26  that Pullman abstention is appropriate.

27

28

---

[3]Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941).

12cv0253

1     Similarly, the City has failed to identify any state law issue that is unclear.  The
2  City contends that it "is unclear how the state court will resolve the City's decision to
3  deny MHC's rent increase application and the *Kavenau* process as a whole."  (*Reply*
4  [Doc. 9], 10:8–9.)  Again, this contention is too vague.  The City must be more specific
5  about the exact state-law issue that is unclear or remains unresolved.  For example, the
6  City fails to explain what about "the *Kavenau* process as a whole" is unclear.  Absent
7  any such indication, the Court finds the City has failed to satisfy the third <u>Pullman</u>
8  factor.

9

10  **IV.    CONCLUSION & ORDER**
11     For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN**
12  **PART** the City's motion to dismiss [Doc. 6] and **GRANTS** MHC's ex parte
13  application [Doc. 10].

14

15     **IT IS SO ORDERED.**

16

17  DATED:  December 21, 2012

18                                                    _____
19                                                    Hon. Thomas J. Whelan
20                                                    United States District Judge

21

22

23

24

25

26

27

28